UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Respondent/Plaintiff, |
| v. | Criminal Action No. 3:17-cr-68-DJH-CHL<br>Civil Action No. 3:19-cv-87-DJH |
| ROMAN L. BROWN, JR., | Movant/Defendant. |

\* \* \* \* \*

### ORDER

Defendant Roman L. Brown Jr., proceeding pro se, moved to vacate his sentence under 28 U.S.C. § 2255.  (Docket No. 226)  The Court referred the motion to Magistrate Judge Colin H. Lindsay for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  (D.N. 237)  Judge Lindsay issued his Findings of Fact, Conclusions of Law, and Recommendation on April 21, 2021, recommending that Brown's motion be granted in part and denied in part.  (D.N. 280)  Following several extensions of the objection deadline necessitated by Brown's transfer to different facilities, Brown timely objected to the portion of the recommendation denying him relief.  (D.N. 299; *see* D.N. 284; D.N. 290; D.N. 293)  For the reasons explained below, the Court will overrule Brown's objections and adopt Judge Lindsay's Findings of Fact, Conclusions of Law, and Recommendation, granting in part and denying in part Brown's motion.

**I.**

Brown was charged with two counts of possessing a firearm as a convicted felon (Counts 4 and 5), two counts of threatening a law enforcement officer (Counts 6 and 7), and one count of threatening a law enforcement officer's immediate family members (Count 8).  (D.N. 8)  Brown pleaded guilty before Senior District Judge Thomas B. Russell without a plea agreement.  (*See* D.N. 64, PageID # 294)  At Brown's change-of-plea hearing, the government stated that the

1

maximum penalty for Counts 4 and 5 was ten years in custody for each count. (*Id.*, PageID # 303–04) Brown also confirmed at the hearing that he had discussed the advisory sentencing guidelines with his attorney and understood that the guidelines were not mandatory. (*Id.*, PageID # 305) Judge Russell sentenced Brown to 110 months as to Counts 4, 5, and 7 and 72 months as to Counts 6 and 8, to run concurrently, for a total of 110 months in custody. (D.N. 126, PageID # 580) Brown moved to vacate his sentence pursuant to § 2255, asserting that his attorney erroneously advised him as to the maximum penalty he could face if convicted at trial and failed to adequately explain his potential sentencing guideline range. (D.N. 226-1, PageID # 1155–57) Brown also contended that his convictions should be vacated pursuant to the Supreme Court's opinion in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). (D.N. 247, PageID # 1232; *see* D.N. 249)

## II.

When reviewing a report and recommendation, the Court reviews de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court may adopt without review any portion of the report to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Upon review, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Accordingly, the Court will review de novo the portions of Judge Lindsay's recommendation to which Brown objects.[1]

**A.     Ineffective Assistance of Counsel**

Brown argued that his counsel was ineffective because he erroneously advised Brown that the Court could impose separate sentences as to Counts 4 and 5. (D.N. 226-1, PageID # 1155–56) Sentencing on both of these counts, Brown contended, violated the double jeopardy clause. (*Id.*,

---

[1] The government did not object to any portion of the recommendation.

2

PageID # 1156)  Brown asserted that his attorney therefore failed to properly advise him as to the maximum penalty he could face if convicted at trial.  (*Id.*, PageID # 1155–56)  Judge Lindsay determined that Brown had demonstrated deficient performance and prejudice as to Counts 4 and 5, noting that these two counts should "have merged at sentencing, such that Brown faced a lesser maximum penalty than that of which he was advised."  (D.N. 280, PageID # 1360–62)  Accordingly, Judge Lindsay recommended that the Court vacate either Count 4 or Count 5—one of Brown's felon-in-possession convictions—and refund one of the special penalty assessments if paid.  (*Id.*, PageID # 1362–63)

Brown contends that his counsel's deficient and prejudicial performance requires the Court to vacate his sentence in its entirety and resentence him.  (D.N. 299, PageID # 1411–12)  A Sixth Circuit case involving a similar error is instructive.  *See United States v. Grant*, 15 F.4th 452 (6th Cir. 2021).  In *Grant*, the defendant was convicted of two counts of unlawfully possessing a firearm, and the district court imposed a 120-month sentence as to both counts, to run concurrently.  *See id.* at 456.  The court vacated one count as multiplicitous but did not remand for resentencing because the sentences were imposed concurrently and "the entry of multiple convictions did not affect the court's sentencing calculus."  *Id.* at 459; *see also United States v. Lara Salas*, No. 20-5968, 2022 WL 190433, at *3 (6th Cir. Jan. 20, 2022) (vacating one of two unlawful-firearm convictions but refusing to remand for resentencing because the defendant received a concurrent 120-month sentence for each count); *cf. United States v. Foster*, 765 F.3d 610, 613 (6th Cir. 2014) ("The whole idea of a concurrent sentence assumes that the sentences will remain the same even if a lesser concurrent sentence is later invalidated.").

As previously discussed, Brown received a 110-month sentence for each of Counts 4, 5, and 7 and a 72-month sentence for each of Counts 6 and 8, to run concurrently.  (D.N. 126, PageID

3

# 580) Therefore, even after Count 4 or Count 5 is vacated, Brown will still be subject to two valid 110-month sentences. (*See id.*) Moreover, Brown has not shown that the entry of both Counts 4 and 5 "affect[ed] the [C]ourt's sentencing calculus." *Grant*, 15 F.4th at 456. Nor could he, as Counts 4 and 5 were grouped together in Brown's Final Presentence Report, providing the same base offense level as only one felon-in-possession count. (*See* D.N. 118, PageID # 509–10) The Court will therefore overrule this objection. *See Lara Salas*, 2022 WL 190433, at *3; *Grant*, 15 F.4th at 456.

**B.      Certificate of appealability**

The magistrate judge recommended against issuing a certificate of appealability for each ground in Brown's § 2255 motion. (D.N. 280, PageID # 1366–67)  In his objection to this recommendation, Brown asserts only that he preserves his right to appeal. (D.N. 229, PageID # 1411)  A general objection to a magistrate judge's report and recommendation is treated as a failure to object, *Cline v. Meyers*, 495 F. App'x 578, 580 (6th Cir. 2012) (citation omitted), and the Court need not review a magistrate judge's findings when no objection has been made. *See Thomas v. Arn*, 474 U.S. 140, 150–52 (1985). Nevertheless, the Court has reviewed the record and agrees with the Judge Lindsay's recommendation against issuing a certificate of appealability.

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)      The Findings of Fact, Conclusions of Law, and Recommendation of Magistrate Judge Colin H. Lindsay (D.N. 280) are **ADOPTED** in full and **INCORPORATED** herein.

(2)    Brown's objection to the magistrate judge's recommendation (D.N. 299) is **OVERRULED**.

(3)    A separate judgment will be entered this date.

March 30, 2022

David J. Hale, Judge
United States District Court